

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

Mar. 19, 1947

Hon. Robert H. Long
County Attorney
Comanche County
Comanche, Texas

Opinion No. V-90

Re: The right of redemption of
property sold under tax
foreclosure sale under Art.
7345b, V.R.C.S.

Dear Mr. Long:

In your letters of February 13, 1947, and March 6, 1947, you present for the opinion of this department the following questions:

"Where real estate has been sold at judicial sale after a suit for delinquent State and County taxes, and one claiming an interest in the land seeks to redeem it within two years from the purchaser at the sale, what amount must the redeemer pay to the purchaser (a) within the first year (2) within the second year? . . . the suit for delinquent taxes was brought under Art. 7345b and involved beside the State and County, a school district."

There presently exist various statutes dealing with the right of redemption by the tax debtor or others having an interest in the land foreclosed upon, which fact has given rise to uncertainty and confusion as to the appropriate statutes under which redemption should be allowed. In addition to Article 7345b, V.R.C.S., with which we are here concerned, we mention Articles 7340, 7283, 7284 and 7284b.

We resolve much of this confusion by the simple statement that since the enactment of Art. 7345b, V.R.C.S., (Acts 45th Legislature, 1937, page 1494a, Ch. 506) the provisions of this statute govern exclusively as to the method of redemption and the amount required to be paid, with the possible exception of a suit where only one taxing unit, and no other, has a claim for delinquent taxes. This exception, however, if it exists at all, need not require an answer here, for you present a case where foreclosure was had under Art. 7345b.

Sec. 12 of Art. 7345b, V.R.C.S., provides in part:

". . . whenever land is sold under judgment in such suit for taxes, the owner of such property, or anyone having an interest therein, or their heirs, assigns or legal representatives, may, within two (2) years from the date of such sale, have the right to redeem said property on the following basis, to-wit: (1) within the first year of the redemption period, upon the payment of the amount bid for the property by the purchaser at such sale, including a One ($1.00) Dollar tax deed recording fee and all taxes, penalties, interest and costs thereafter paid thereon, plus twenty-five per cent (25%) of the aggregate total; (2) within the last year of the redemption period, upon the payment of the amount bid for the property by the purchaser at such sale, including a One ($1.00) Dollar tax deed recording fee and all taxes, penalties, interest and costs thereafter paid thereon, plus fifty per cent (50%) of the aggregate total."

We are supported in our conclusion by the case of El Paso v. Forti (Supreme Court), 181 S. W. (2d) 579, from which we quote as follows:

"It is not necessary for us to decide in this case whether or not Article 7345b, Section 12, repealed and made wholly inoperative Article 7340 or any other article relating to redemption from tax foreclosures. It might be held in cases where only one taxing unit is a party and no other taxing unit has a claim for delinquent taxes that such articles are still in effect, but that they do not operate in a case brought under 7345b, but we do not pass on that question. Article 7345b prescribes a method of redemption in all cases brought under that article under which, if one taxing unit bids in the property, it takes same as trustee for the other taxing units in whose favor judgment ran in the foreclosure suit. Until Article 7345b was enacted a suit like the instant one, in which all taxing units became parties, was unauthorized. Prior to its enactment there were various statutes with reference to redemption. For example, these articles may be cited: Articles 1065, 7284a and 7340, Vernon's Civ. St., each being applicable in the character of suit to which it related. Their provisions varied widely. It seems clear to us that when the Legislature enacted 7345b, whereby all taxing units could be joined in one suit and the property bid in by one

such unit for the benefit of all, and prescribing the
terms upon which same might be redeemed, it in-
tended that those terms should govern in all cases
of redemption in that character of suit regardless
of who became the purchaser at the sale. The con-
fusion which would result from a contrary holding
in a case like the instant one, is obvious. To deter-
mine the amount to be paid to the various units, if
possible to do so, when under the statutes above
cited different terms were prescribed would bring
into play some highly involved computations. We
cannot ascribe to the Legislature the intent to cre-
ate confusion when its evident purpose was simpli-
fication and clarity."

The prerequisites to be followed in redeeming land sold
under such foreclosure proceedings as comprehended in Art. 7345b
are clearly stated in Sec. 12 of the Act quoted above and need not
be restated. The terms of this statute prevail, regardless of wheth-
er a private individual becomes the purchaser or one of the taxing
units, as trustee for the benefit of all; and also regardless of wheth-
er the redemption is by the owner, his assignee, or by someone
merely having an interest therein, their heirs or assigns or legal
representatives.

## SUMMARY

Sec. 12 of Art. 7345b, V.R.C.S., is exclusive as
to the method and terms of redemption of property
sold under tax foreclosure suits brought under Art.
7345b, V.R.C.S., and this regardless of whether a
private individual becomes the purchaser or one of
the taxing units for the benefit of all.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By        L. P. Lollar
          Assistant

LPL:AMM:sl

APPROVED MAR 18 1947

Price Daniel
ATTORNEY GENERAL OF TEXAS